Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 108 - all | **DATE** | 9/14/2001 |
| **CASE TITLE** | U.S.A. vs. Patterson, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion for bill of particulars is denied as moot. Motion for an order requiring government to produce Brady materials is granted. Motion to dismiss count three is denied. Motion for immediate production of 404 (b) material is denied. Motion to strike portions of tape recordings is granted. Motion to join in Mr. Patterson's motion is granted. Santiago proffer is due by 9/28/01. Ruling on the pending motion to sever is set for 10/5/01 at 10:00 a.m. Parties' proposed jury instructions and voir dire will be due by 1/14/02. Pretrial conference set for 1/23/02 at 4:00 p.m. Trial set for 1/28/02 at 9:30 a.m. Time form today through 1/28/02 is excluded for continuity of counsel and trial preparations under 18:3161 (h)(8)(B)(iv)(X-T4).Enter Memorandum Opinion and Order.
(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 3 us number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | SEP 17 2001 date docketed | 67 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 9/14/01 date mailed notice | |
| | Copy to judge/magistrate judge. | FOR DOCKETING 01 SEP 14 PM 6: 39 | | |
| MPJ6 | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
      v.                         )
                                 )   No.  01 CR 0108     DOCKETED
WILLIAM M. PATTERSON and DARYL   )
L. SMITH,                        )                       SEP 1 7 2001
                                 )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

William Patterson and Daryl Smith, Chicago Police Officers assigned to the Public Housing South Division, Tactical Unit, are accused of conspiring and attempting to possess five kilograms of cocaine with intent to distribute it and to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and 846. Specifically, they are charged with agreeing to steal several kilograms of cocaine and a large sum of money from a purported drug dealer and turn it over to an individual cooperating with the FBI. They allegedly stole five bricks of what they thought to be cocaine, but actually was "sham cocaine," and approximately $20,000 in cash from the purported drug dealer's apartment while armed and wearing ski masks. They took the stolen goods to a grocery store parking lot where they placed the sham cocaine in the trunk of the cooperating witness' car, then took the cash to Mr. Patterson's home. The government additionally alleges that the defendants intentionally failed to place the recovered property into the Chicago Police

Department's evidence inventory, and that Mr. Patterson concealed the acts done in furtherance of the conspiracy by preparing a Supervisor's Management Log that did not disclose the property taken from the purported drug dealer's apartment. Mr. Patterson and Mr. Smith bring several pretrial motions, which I discuss *seriatim*.

I.

## A. Motion for a Bill of Particulars or In the Alternative to Strike Language from the Indictment as Surplusage

The defendants seek a bill of particulars as to paragraph ten of Count I of the indictment. Paragraph ten alleges that the defendants "misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of and the acts done in furtherance of the conspiracy, by means including, but not limited to" Patterson's failure to include the stolen property in the Supervisor's Management Log. The defendants complain that the government has not apprised them of any acts of concealment other than Mr. Patterson's failure to report the property in the log. The government responded by providing a bill of particulars, which states that in addition to the matters stated in paragraph ten, the government will also prove that the defendants engaged in counter-surveillance while transporting the cash and sham cocaine. The motion for a bill of particulars is therefore denied as moot.

### B. Motion for an Order Requiring the Government to Immediately Produce All Material Required by the *Brady* Doctrine

The defendants ask for an order requiring the government to immediately produce impeachment evidence that is subject to disclosure under the doctrine of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The government says that it has already complied with its obligations under Fed. R. Crim. P. 16, that it is unaware of any exculpatory *Brady* evidence but that it will honor its continuing obligation under *Brady*, and that it will produce impeachment or *Giglio* evidence 45 days prior to trial.

### C. Motion to Dismiss Count Three of the Indictment

Counts III and IV[1] allege that the defendants possessed firearms and carried them in relation to acts that violate 21 U.S.C. § 846, as set forth in Counts I (conspiracy) and II (attempt). The defendants claim that Counts III and IV are "duplicitous." *See United States v. Marshall*, 75 F.3d 1097, 1111 (7th Cir. 1996) ("'Duplicity' is the joining of two or more offenses in a single count."). The government denies "duplicity," but I need not reach the issue because the government has filed an "Election as to Counts Three and Four of the Indictment," in which it elects Count I as the predicate drug trafficking crime under which it will make its proof on Counts III and IV. It has also

---

[1] Count IV contains substantially identical charges against Mr. Smith as Count III alleges against Mr. Patterson.

offered to redact Count III (and presumably also Count IV) to correspond to its election. The motion to dismiss is therefore denied. The government is ordered to redact Counts III and IV to conform to its written election.

### D. Motion to Dismiss Count One of the Indictment

Mr. Patterson also moves to dismiss Count I of the indictment as "duplicitous" because it charges that the defendants "conspired and agreed with each other knowingly and intentionally to possess with intent to distribute *and* to distribute a controlled substance." (Emphasis added). An indictment is not "duplicitous" because it alleges a conspiracy to commit several crimes in a single count. *United States v. Bruun*, 809 F.2d 397, 406 (7th Cir. 1987). Count I alleges a conspiracy in violation of 21 U.S.C. § 846. A single conspiracy may exist "even though the commission of two or more offenses is contemplated." *Id.*

### E. Motion for an Order Requiring the Government to Immediately Produce all Rule 404(b) Materials

The government acknowledges its obligation pursuant to Fed. R. Evid. 404(b) to provide notice of any evidence of other acts that it plans to use at trial, but objects to the request for immediate disclosure. Under Rule 404(b), the defendants are entitled to "reasonable notice" of such evidence. The motion for immediate disclosure is denied; however, the government has agreed to produce Rule 404(b) evidence 45 days prior to trial.

## F. Motion to Strike Portions of the Tape Recordings Tendered to Defendant

Pursuant to Fed. R. Civ. P. 16, the government produced a number of video- and audiotapes to the defendants. Mr. Patterson moves to exclude "preamble oral statements" or narration by FBI agents, and the government states that it does not intend to introduce any of the "preamble oral statements," so the motion is granted as unopposed.

In response to Mr. Patterson's motion, the government says that it plans to introduce videotaped footage, produced to the defendants, of a special agent placing the cash and sham drugs in the undercover apartment. I assume the agent will testify as to what is being shown on the tape. If so, the videotape is admissible.

## II.

Mr. Smith's motion to join in Mr. Patterson's motion is GRANTED as unopposed. The motion for a bill of particulars and the motion to dismiss Count III are DENIED as moot; the government is ORDERED to redact Counts III and IV to conform to its election. The motions for immediate production of *Brady* material and Rule 404(b) material are DENIED; however, the government is ORDERED to produce this material 45 days before trial, as agreed. The motion to strike portions of tape recordings is GRANTED as unopposed; however, this

does not include the videotape footage of the agent placing the money and sham drugs in the undercover apartment.

ENTER ORDER:

*Elaine E. Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: September 14, 2001