UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
) No. 01 CR 108
v. ) Judge Elaine E. Bucklo
)
WILLIAM M. PATTERSON and )
DARYL L. SMITH )

DOCKETED
APR 17 2002

2002 APR 15 PM 12:32
CLERK
U.S. DISTRICT COURT
FILED

## NOTICE OF FILING

TO: Phillip A. Turner          Peter J. Vilkelis
    Attorney at Law            Attorney at Law
    100 West Monroe Street     53 West Jackson Boulevard
    Suite 2204                 Suite 1430
    Chicago, Illinois 60603    Chicago, Illinois 60604

**PLEASE TAKE NOTICE** that on April 15, 2002, the undersigned filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, **GOVERNMENT'S SUPPLEMENTAL JURY INSTRUCTION,** copy of which is herewith attached.

PATRICK J. FITZGERALD
United States Attorney

BY: /s/ Morris Pasqual
MORRIS PASQUAL
Assistant United States Attorney

**STATE OF ILLINOIS** )
                      ) SS
**COUNTY OF COOK**    )

Lucille Lausch, being first duly sworn on oath, deposes and says that she is employed in the Office of the United States Attorney for the Northern District of Illinois, that on the 15th day of April, 2002, she caused a copy of the foregoing Notice, together with a copy of the Government's Supplemental Jury Instruction addressed to the above-mentioned individuals to be hand delivered on said date.

/s/ Lucille Lausch

SUBSCRIBED and SWORN to before me
this 15th day of April, 2002.

/s/ Peggy M. Zabinski
NOTARY PUBLIC

"OFFICIAL SEAL"
PEGGY M. ZABINSKI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6/4/2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
) No. 01 CR 108
v. )
) Judge Elaine E. Bucklo
WILLIAM M. PATTERSON and )
DARYL L. SMITH )

DOCKETED
APR 17 2002

## GOVERNMENT'S SUPPLEMENTAL JURY INSTRUCTION

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits the following proposed jury instruction in substitution of Government Instruction No. 28 which was previously submitted to the Court and which is hereby withdrawn by the Government in lieu of the following instruction.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _____
MORRIS PASQUAL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-7637

FILED
2002 APR 15 PM 12:32
CLERK
U.S. DISTRICT COURT

104

To sustain the charge of theft of government property, the government must prove the following propositions:

First, that the money described in the indictment belonged to the United States and had a value in excess of $1,000 at the time charged;

Second, that the defendant in question stole or converted that money to the defendant's own use or another's use; and

Third, that the defendant in question did so knowingly and willfully with intent to deprive the owner of the use or benefit of the money so taken.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a particular defendant, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt as to a particular defendant, then you should find that defendant not guilty.

It is not necessary to prove that the defendant in question knew that the government owned the money at the time of the wrongful taking so long as it is established, beyond a reasonable doubt, that the government did in fact own the money involved, that the defendant in question knowingly and willfully stole it, and that it had a value in excess of $1,000.

To "steal" or "convert" means the wrongful or willful taking of money or property belonging to someone else with intent to deprive the owner of its use or benefit either temporarily or permanently. No particular type of movement or carrying away is required to constitute a "taking," as that word is used in these instructions.

Any appreciable change in the location of the money or property with the necessary willful intent constitutes a taking whether or not there is any actual removal of it from the owner's premises.

GOVERNMENT INSTRUCTION NO. 28A

Seventh Circuit Committee (1999) p. 205 (modified); Eleventh Circuit Committee (1997) pp. 139-40 (modified); United States v. Smith, 489 F.2d 1330, 1334 (7th Cir. 1973), cert. denied, 416 U.S. 994 (1974)("defendant's knowledge of government ownership is wholly irrelevant in a § 641 prosecution").

To sustain the charge of theft of government property, the government must prove the following propositions:

First, that the money described in the indictment belonged to the United States and had a value in excess of $1,000 at the time charged;

Second, that the defendant in question stole or converted that money to the defendant's own use or another's use; and

Third, that the defendant in question did so knowingly and willfully with intent to deprive the owner of the use or benefit of the money so taken.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a particular defendant, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt as to a particular defendant, then you should find that defendant not guilty.

It is not necessary to prove that the defendant in question knew that the government owned the money at the time of the wrongful taking so long as it is established, beyond a reasonable doubt, that the government did in fact own the money involved, that the defendant in question knowingly and willfully stole it, and that it had a value in excess of $1,000.

To "steal" or "convert" means the wrongful or willful taking of money or property belonging to someone else with intent to deprive the owner of its use or benefit either temporarily or permanently. No particular type of movement or carrying away is required to constitute a "taking," as that word is used in these instructions.

Any appreciable change in the location of the money or property with the necessary willful intent constitutes a taking whether or not there is any actual removal of it from the owner's premises.